UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAR STERLING,

        Petitioner,

                                    CASE NO. 1:09-CV-679

v.

                                    HON. ROBERT J. JONKER

JOHN PRELESNIK,

        Respondent.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 3) and Petitioner's objection to it (docket # 4). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review, the Court concludes that the Petitioner Jamar Sterling's petition for habeas corpus under 28 U.S.C. § 2254 is barred by the one-year statute of limitations.

Following a jury trial, Mr. Sterling was convicted in Kent County Circuit Court of armed robbery under Mich. Comp. Laws 750.529. He was sentenced to eighteen to eighty years' imprisonment. After pursuing his direct appeals, Mr. Sterling sought collateral relief in state court and now, after having his state requests denied, he seeks habeas relief in this Court. The Report and Recommendation recommends that Mr. Sterling's section 2254 petition be dismissed sua sponte as time barred under 28 U.S.C. § 2244(d)(1). *See Day v. McDonough*, 547 U.S. 198, 209 (2006). It concludes that the petition is untimely and that Mr. Sterling has failed to allege any facts or circumstances that would warrant the application of equitable tolling in this case. Mr. Sterling concedes that his petition is barred absent tolling, but he objects to the Report and Recommendation to the extent it denies him equitable tolling. Mr. Sterling makes three arguments for tolling, but none warrants equitable tolling in this case.

First, Mr. Sterling contends that he did not have actual notice of the statute of limitations on his federal habeas claim. Mr. Sterling's ignorance of the limitations period does not toll it. *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir.1999); *Brown v. United States*, 20 Fed. App'x 373, 375 (6th Cir. 2001) (unpublished opinion).

Second, he contends that he has put forward a credible claim of actual innocence. Actual innocence means true, factual innocence; it is not established by mere legal insufficiency of a case. *Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005). To establish actual innocence sufficient to warrant equitable tolling, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence–that was not presented at trial." *Id.* (quotation omitted). Here, Mr. Sterling has not put forward any new, reliable evidence that he was factually innocent. Instead he tenders the affidavit of only one trial witness. The affidavit falls far short of providing the factual basis for a real claim of actual innocence.

The affidavit of the trial witness states that the testimony she gave during her first interviews with police and at trial was inaccurate. In her police interview and at trial, she stated that Mr. Sterling told her he had arranged the robbery of which he was convicted and that he knew a robbery was going to take place. She now claims this was inaccurate. She further asserts that she intended to tell the truth at trial, but the prosecutor threatened to charge her with perjury if she gave a statement at trial that was contrary to the statements she made to police during her interviews. This affidavit simply does not establish true, factual innocence such that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* The affidavit does not even assert that Mr. Sterling was uninvolved in the robbery; it only asserts that Mr. Sterling did not *tell* the witness that he arranged and planned the robbery in advance. Moreover, even if the witness had changed her testimony at trial, she could have been impeached with her prior statements to police. In addition, the jury had a wealth of other incriminating evidence against Mr. Sterling to consider. On this record, Mr. Sterling has not put forward a claim of actual innocence sufficient to toll the statute of limitations. *See id.*

Finally, Mr. Sterling contends that his girlfriend sent his legal documents to another inmate, and the papers were confiscated by a corrections officer while in the possession of that inmate. Even accepting the truth of this claim for purposes of argument, it does not help Mr. Sterling. Mr. Sterling

3

puts forward no evidence that the claimed incident involving another inmate actually prevented Mr. Sterling from filing timely his petition.  *Cf. Brown*, 20 Fed. App'x at 375.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed September 24, 2009, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's motions for habeas corpus under section 2254 is **DENIED**.


Dated:   November 17, 2009           /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE